IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRISTA MCGOWAN,

    Plaintiff

    v.

CASE NO.

AAR GOVERNMENT SERVICES,
INC., Foreign for Profit
Corporation,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff KRISTA MCGOWAN (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against AAR GOVERNMENT SERVICES, INC. (hereinafter referred as "AAR" or "Defendant"), and in support of states as follows:

**NATURE OF CASE**

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"); as well as interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, *et seq* and the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages

(if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

3. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5. Plaintiff was an employee of Defendant from approximately November 2018 to September 24, 2021.

6. Plaintiff was employed by Defendant and worked in Afghanistan during her tenure.

7. Defendant is a Foreign for-Profit Corporation which operates globally.

8. One of Defendant's location's is in Rockledge, Florida, where Plaintiff was last assigned before her termination.

9. Defendant employs more than fifty (50) employees.

10. Defendant employs more than fifty (50) employees within 75 miles of Sanford, Florida.

11. Plaintiff was an "employee" as defined by the FMLA.

12. Defendant is an "employer" as defined by the FMLA.

13. Plaintiff was an "employee" as defined by the ADAAA.

14. Defendant is an "employer" as defined by the ADAAA.

15. As of the date of her termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

16. As of the date of her termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

## ADAAA STATUTORY PREREQUISITES

17. At all times material hereto, Plaintiff suffered from several disabling medical conditions under the ADAAA.

18. Plaintiff was discriminated against based on her disability.

19. Plaintiff is a member of a class of individuals protected by the ADAAA.

20. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

21. Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADAAA.

22. At all times material to the allegations herein, Plaintiff was qualified for her Technical Aviation Librarian position with Defendant.

23. Plaintiff timely filed her Charge of Discrimination with the EEOC on June 17, 2022.

24. The EEOC issued a Dismissal and Notice of Rights on November 12, 2022.

25. Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

26. Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

27. Plaintiff was hired by Defendant in November 2018.

28. Plaintiff last held the position of technical aviation librarian.

29. Plaintiff had no legitimate discipline in her record since her employment began.

30. Plaintiff has won two AAR awards. Namely, a May 18, 2019, award for Excellent in the Library ARMS Inspection; as well as a January 31, 2020, award for volunteering for the snow removal team.

31. Defendant, located in Rockledge, Florida, had a contract in Afghanistan with the Department of State.

32. Plaintiff had information that led to her reporting that the Defendant was using improper documentation to service "ITAR" equipment.

33. After reporting this issue in November of 2020, Plaintiff was forced by the Defendant to take a break from her duties for "mental health" reasons in January of 2021.

34. Shortly thereafter, on July 29, 2021, she was forced to leave Afghanistan and return to the United States.

35. Plaintiff was to be transitioned to working in the library in Rockledge, Florida at a rate of 70% her normal salary, starting August 12, 2021.

36. Plaintiff flew from Afghanistan to Washington Dulles on a flight provided by Defendant.

37. Upon arrival in Washington D.C., on July 30, 2021, Plaintiff collapsed.

38. Plaintiff then continued traveling to Rochester, Minnesota with severe chest pain.

39. Plaintiff then presented to the Mayo Clinic Emergency Room in Minnesota on August 2, 2021.

40. Plaintiff was diagnosed with an unstable heart beat and blood clots in her lungs.

41. Plaintiff e-mailed supervisor, Cindi Westfall on August 3, 2021, letting her know that she had been admitted to the hospital.

42. While in the cardiac unit on August 5, 2021, Aerospace Medicine discovered that an air bubble was the cause of her heart issues.

43. She was thereafter discharged on August 6, 2021.

44. Plaintiff was under strict medical restrictions pending follow-up appointments and surgery.

45. As a result, Plaintiff was unable to travel by August 12, 2021, to begin her library position in Rockledge, Florida, as had originally been planned.

46. She received a call from supervisor, Andrea Wilson on September 23, 2021, less than 12 hours before reporting for surgery, wherein she informed Plaintiff that her employment was terminated.

47. She then received an e-mail from HR employee, Denise Emmanuelli on September 24, 2021, with her termination paperwork.

48. To make matters substantially worse, her health insurance was cancelled five hours before reporting for her surgery.

49. Plaintiff further claims that her air bubble condition was a direct result of Defendant forcing their employees to take an unsafe flight back to the United States.

50. Rather than allow Plaintiff leave time to recover from surgery and return to her same position with no adverse impact on her employment, she was ultimately terminated shortly after her request for leave.

51. These actions interfered with her FMLA rights which entitled her up to twelve (12) weeks of unpaid leave to care for herself.

52. Plaintiff was abundantly forthcoming regarding her need for leave to care for herself after surgery and provided all documents that were requested by the Defendant.

53. She advised the Defendant of her need for FMLA leave but was retaliated against and terminated for her attempted exercise of her rights under the FMLA.

54. Here, Plaintiff asked for an accommodation, specifically, to take time off to recover from surgery.

55. The Defendant failed to provide this reasonable accommodation, and instead terminated Plaintiff shortly following her request.

56. The Defendant did not engage in the interactive process and simply fired her based on her need for a medical accommodation.

57. Plaintiff's health insurance was cancelled just five hours before reporting for her surgery, to avoid payment of the same.

58. Plaintiff had been an employee in good standing until the end of her employment.

59. Defendant refused to accommodate Plaintiff.

60. At the time of his termination, Plaintiff was qualified for her position.

61. Additionally, at the time of her termination, Plaintiff was able to perform the essential functions of her job, with or without accommodation.

62. At no time during her employment did Defendant counsel, or otherwise, discipline Plaintiff for failure to meet her job duties or on absenteeism.

63. At the time of her termination, Plaintiff worked for a covered employer as defined by the FMLA.

64. At the time of her termination, Plaintiff was eligible for FMLA leave.

65. Plaintiff's notice for her need for FMLA leave was timely.

66. Defendant was aware that Plaintiff had a serious health condition that qualified for FMLA leave and yet, failed to properly advise Plaintiff of her rights under the FMLA.

67. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

68. Defendant's actions constitute discrimination and retaliation in

8

violation of Plaintiff's rights under the FMLA.

69. Defendant's actions also constitute discrimination in violation of Plaintiff's rights under FMLA.

70. Plaintiff was treated differently than similarly situated non-disabled employees.

71. Defendant discriminated against Plaintiff for taking necessary time off due to her disability.

72. Defendant terminated Plaintiff in retaliation for taking necessary time off due to her disability.

## COUNT I
## INTERFERENCE UNDER THE FMLA

73. Plaintiff re-alleges and adopts the allegations of paragraphs 1-12, 15-16, 27-55, 58, 60, 62-69, and 71 above as if fully set forth herein.

74. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

75. Defendant was Plaintiff's employer as defined by the FMLA.

76. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

77. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

78. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

79. Defendant's violations of the FMLA were willful.

80. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Liquidated damages;

e. I

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

81. Plaintiff re-alleges and adopts the allegations of paragraphs 1-12, 15-16, 27-55, 58, 60, 62-69, 71-72 above as if fully set forth herein.

82. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

83. Defendant was Plaintiff's employer as defined by the FMLA.

84. Defendant discriminated and retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

85. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

86. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

87. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

88. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

89. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

90. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

91. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

92. Defendant's violations of the FMLA were willful.

93. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Liquidated damages;

e.

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA

94. Plaintiff re-alleges and adopts the allegations of paragraphs 1-8, 13-

14, 17-50, 54-56, 58-62, and 70-71 above as if fully set forth herein.

95. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

96. Plaintiff was discriminated against by the Defendant due to her disability in violation of Federal law.

97. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

98. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

99. Plaintiff is protected by the ADAAA:

    a. Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

100. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

101. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

102. Defendant's actions unquestionably constitute disability

13

discrimination in violation of the ADAAA, as amended.

103. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

104. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

105. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

106. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

107. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

108. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is a member of a protected class as envisioned by the ADA.

109. Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

110. The acts of Defendant, by and through its agents and employees,

violated Plaintiff's rights against disability discrimination under the ADAAA.

111. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

112. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

113. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

114. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

 f.  Prejudgment interest;

 g.  Costs and attorney's fees; and

 h.  Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION UNDER THE ADAAA

115. Plaintiff re-alleges and adopts the allegations of paragraphs 1-8, 13-14, 17-50, 54-56, 58-62, and 70-72 above as if fully set forth herein.

116. Plaintiff suffers from a disabling medical conditions pursuant to the ADAAA.

117. Plaintiff was retaliated against by the Defendant due to her disability in violation of Federal law.

118. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

119. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

120. Defendant terminated Plaintiff because she needed time off while hospitalized due to her disability.

121. Defendant terminated Plaintiff in violation of the ADAAA.

122. Plaintiff is protected by the ADAAA:

 a. Plaintiff was disabled or a "perceived as disabled" employee

whosuffered discrimination because of her disability or "perceived disability" by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

123. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

124. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

125. Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

126. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

127. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

128. Pleading in the alternative, Plaintiff's impairment did not substantially limita major life activity but was treated by Defendant as if it did.

129. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward theimpairment.

130. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

131. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is a member of a protected class as envisioned by the ADA.

132. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

133. The retaliation to which Plaintiff was subjected was based on her disability and/or "perceived disability."

134. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

135. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

136. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable reliefallowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT V
## ERISA

137. Plaintiff re-alleges and adopts the allegations of paragraphs 1-8, 27-50, and 57-58 above as if fully set forth herein.

138. Plaintiff engaged in a protected activity when notified Defendant of her need for surgery and requested time off for same.

139. Plaintiff suffered an adverse employment action when she was terminated from her employment, and her health insurance benefits were cancelled within hours of her surgery.

140. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable reliefallowed by law including:

    a.       Back pay and benefits;

    b.       Interest on back pay and benefits;

    c.       Front pay and benefits;

    d.       Compensatory damages for emotional pain and suffering;

    e.       Injunctive relief;

    f.       Prejudgment interest;

    g.       Costs and attorney's fees; and

    h.       Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this __19th__ day of January, 2023.

        s/ Edward W. Wimp
        Edward W. Wimp, Esquire – LEAD COUNSEL
        FBN: 1015586
        Email: ewimp@theleachfirm.com
        Direct: 407-574-6339

        Anthony J. Hall, Esquire
        FBN: 0040924
        Email: ahall@theleachfirm.com

        THE LEACH FIRM, P.A.
        631 S. Orlando Ave., Suite 300
        Winter Park, FL 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 813-7513

        Attorneys for Plaintiff